IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IKE TRADING CO., LTD. | § | |
| | § | |
| vs. | § | C. A. NO. H – 12 – 948 |
| | § | ADMIRALTY |
| M/V SEA–LAND CHARGER, *her* | § | |
| *tackle, apparel, furniture,* | § | |
| *equipment, etc., et al.* | § | |

*FIRST AMENDED COMPLAINT*

TO THE HONORABLE LEE H. ROSENTHAL:

Plaintiff Ike Trading Co., Ltd. files this First Amended Complaint against Defendants, the M/V SEA–LAND CHARGER, *in rem*, and Maersk Line Ltd. ("Maersk") and Brilliant Globe Logistics, Inc. ("Brilliant"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.  Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2.  Plaintiff is an Oregon corporation with its principal place of business in Beaverton, Oregon.

3.  Maersk is a Delaware corporation with its principal place of business in Madison, New Jersey.

4.  At all times material, Maersk owned, chartered, managed and/or operated

the M/V SEA–LAND CHARGER as a common carrier of goods by water for hire between various ports, including the Ports of Qingdao, People's Republic of China, Long Beach, California and Houston, Texas. At all times material, Maersk did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Maersk can be served by its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201–4234.

5. At all times material, Brilliant was a foreign corporation engaged in business in Texas as a Non–Vessel Operating Common Carrier, consolidating various cargos, arranging for their ocean carriage, issuing to shippers bills of lading for ocean transport of cargos, entering into charter parties, booking notes, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, booking notes, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Brilliant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in

Texas. Alternatively, although Brilliant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Brilliant has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Brilliant is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Brilliant with a summons is effective to establish personal jurisdiction over it. Brilliant can be served by serving the Texas Secretary of State. Process or notice can be sent to Brilliant at its principal office, 420 W. Merrick Road, Suite 200, Valley Stream, New York 11580.

### *First Claim*

6. On or about March 14, 2011, Plaintiff's shipper tendered in good order and condition to Defendants at Qingdao cargos of plywood. Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge at Los Angeles and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading, including Bills of Lading Nos. I77RFPFPQ0426 through 0428, BGNL54100266 through 268 and/or MSCU94588568, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V SEA–LAND CHARGER.

7. Thereafter, on or about April 5, 2011, the M/V SEA–LAND CHARGER arrived at the Port of Long Beach where Defendants later discharged the cargos.

Subsequently, Defendants delivered the cargos in Houston, not in the same good order and condition as when received but, on the contrary, much of the cargos was wet, stained, moldy, mildewed, rotten, dented, bent, nicked, bowed, gouged, smashed, crushed, loose, mixed, compressed and/or otherwise physically damaged. The damages and loss proximately resulted from Defendants' acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V SEA–LAND CHARGER.

8. Plaintiff proximately has sustained damages exceeding $13,469.04 plus interest dating from March 14, 2011, demand for which has been made upon Defendants, but which they refuse to pay.

## *Second Claim*

9. On or about February 2, 2011, Plaintiff's shipper tendered in good order and condition to Brilliant at Qingdao cargos of plywood. Brilliant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Brilliant acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading, including Bills of Lading Nos. I77PFPFPQ1299, 1300 and 1312, BGNL54100160, 176 and 179, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V MSC MADELEINE.

7. Thereafter, on or about April 12, 2011, the M/V MSC MADELEINE arrived

4

at the Port of Houston where Brilliant later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was wet, stained, moldy, mildewed, rotten, dented, bent, nicked, bowed, gouged, smashed, crushed, loose, mixed, compressed and/or otherwise physically damaged. The damages and loss proximately resulted from Brilliant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V MSC MADELEINE.

12.     Plaintiff proximately has sustained damages exceeding $1,550.75 plus interest dating from February 2, 2011, demand for which has been made upon Brilliant, but which they refuse to pay.

### *Third Claim*

13.     On or about February 2, 2011, Plaintiff's shipper tendered in good order and condition to Brilliant at Qingdao cargos of plywood. Brilliant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Savannah the cargos in the same good order and condition as when received, in consideration of paid freight charges. Brilliant acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading, including Bills of Lading Nos. I77PFPFPQ1318 and BGNL54100177, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V MSC MADELEINE.

14.     Thereafter, on or about April 5, 2011, the M/V MSC MADELEINE arrived

at the Port of Savannah where Brilliant later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was wet, stained, moldy, mildewed, rotten, dented, bent, nicked, bowed, gouged, smashed, crushed, loose, mixed, compressed and/or otherwise physically damaged.  The damages and loss proximately resulted from Brilliant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V MSC MADELEINE.

15.     Plaintiff proximately has sustained damages exceeding $4,532.49 plus interest dating from February 2, 2011, demand for which has been made upon Brilliant, but which they refuse to pay.

## *Fourth  Claim*

16.     On or about June 14, 2011, Plaintiff's shipper tendered in good order and condition to Brilliant at Qingdao cargos of plywood.  Brilliant agreed safely to receive, handle, load, stow, secure, carry, discharge at Los Angeles and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Brilliant acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued various bills of lading, including Bills of Lading Nos. I77OFPFPQ0117 and 0134, and BGNL54100728 and 732, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V CMA CGM VIVALDI.

6

17. Thereafter, on or about July 4, 2011, the M/V CMA CGM VIVALDI arrived at the Port of Los Angeles where Brilliant later discharged the cargos. Subsequently, Brilliant delivered the cargos in Houston, not in the same good order and condition as when received but, on the contrary, much of the cargos was wet, stained, moldy, mildewed, rotten, dented, bent, nicked, bowed, gouged, smashed, crushed, loose, mixed, compressed and/or otherwise physically damaged. The damages and loss proximately resulted from Brilliant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V CMA CGM VIVALDI.

18. Plaintiff proximately has sustained damages exceeding $1,815.61 plus interest dating from June 14, 2011, demand for which has been made upon Brilliant, but which they refuse to pay.

19. If any charter party, booking note, bill of lading, waybill or other contract of carriage legally obligates the Plaintiff to arbitrate all or any part(s) of any dispute(s) or matter(s) arising herein, then this Complaint constitutes, and Plaintiff hereby presents, written notice of claim and demand for relief at arbitration in the forum required and, for that purpose, appoints as arbitrators Jack Berg of New York or, alternatively, Daniel C. Walker of London.

20. At all times material, Plaintiff owned the cargos and/or brings these claims for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s),

which are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ike Trading Co., Ltd. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V SEA–LAND CHARGER, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V SEA–LAND CHARGER be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V SEA–LAND CHARGER, *in rem*, and Maersk Line Ltd. and Brilliant Globe Logistics, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:    (713) 864–2221
Facsimile:     (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                                      ATTORNEYS   FOR   PLAINTIFF